UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

TRISTAR PRODUCTS, INC.,
    Plaintiff,

vs.                                      Case No.:   3:20cv6017/MCR/EMT

ZHONGSHAN FENGYE ELECTRICAL
APPLIANCES CO., LTD., agent of
Techwood,
    Defendant.
_____/

## **REPORT AND RECOMMENDATION**

This matter is before the court on Plaintiff's Motion and Memorandum in Support of Its Motion for Preliminary Injunction (ECF No. 3), which the district judge referred to the undersigned for a report and recommendation upon Plaintiff filing proof it effected service of process on Defendant pursuant to the court's order authorizing alternative service *via* email (*see* ECF No. 19).[1]  Plaintiff provided proof of service on July 28, indicating it served Defendant *via* email with a copy of the summons, complaint, motion for preliminary injunction, and order authorizing alternate service on July 27 (*see* ECF Nos. 20, 20-1, and 20-2 ).   Plaintiff's motion thus is ripe for resolution.

---

[1] Defendant is a Chinese manufacturing company with its principal place of business in Chang'an Town, Chang'an, Dongguan, China (ECF No. 1 at 10).

Plaintiff sells smokeless grills (ECF No. 1 at 7).  Plaintiff filed suit against Defendant, a competitor, on December 23, 2020, alleging Defendant is manipulating Amazon product rankings, which are based on customer reviews, in violation of the Lanham Act, 15 U.S.C. § 1125(a) (ECF No. 1 at 17–19); the Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. § 501.204 (ECF No. 1 at 19–21); and Florida's Misleading Advertising Statute, Fla. Stat. § 817.41 (ECF No. 1 at 21–23).  Plaintiff alleges Defendant's unfair practices include using gifts, bribes, and harassment to elicit five-star Amazon product reviews and hiring third parties to provide biased positive false reviews that skew the product rankings, to the detriment of consumers and competitors (ECF No. 1 at 10–16).  Through the instant motion, Plaintiff seeks to prohibit Defendant from posting false and deceptive reviews or having others do the same.

In support of the motion, Plaintiff submitted the declaration of Matthew Fisher, its President of Retail and Managing Partner of Business Development (ECF No. 3-1), and an expert report prepared by Thomas Michael Noonan, President of Review Honesty, Inc. (ECF Nos. 2, 11).  In his declaration, Fisher explains that retailers rely on consumer reviews (ECF No. 3–1 at 3).  Fisher explains the manner in which Defendant's false consumer reviews have swamped the e-commerce listings on websites such as Amazon, causing irreparable loss to Plaintiff's consumer rankings which, in turn, impacts Plaintiff's market share and reputation (*id*., at 7–

10). In his report, Noonan provides a statistical analysis of the truthfulness, deceptiveness, and impact of Defendant's product reviews (*see* ECF No. 11). Noonan states that reviews for Defendant's smokeless grill were generated through methods prohibited by Amazon and the Federal Trade Commission (FTC) and explains that Defendant's "successful attempts to manipulate the customer reviews of their Product have gained them a high organic search position when a shopper searches Amazon for the term 'Smokeless Grill' and a top 10 sales rank in the 'Contact Grills' category of Amazon," placing competitors at "an extreme disadvantage" (ECF No. 11 at 20–21).

As indicated above, Plaintiff served Defendant with a copy of the complaint and motion on July 27, 2021. Pursuant to Fed. R. Civ. P. 12(a)(1)(A)(i), Defendant had twenty-one days from that date, or until August 17, in which to respond to the complaint. Pursuant to Rule 7.1(E) of the court's local rules, Defendant had fourteen days from the date of service, or until August 10, in which to file a memorandum in opposition to Plaintiff's motion. N.D. Fla. Loc. R. 7.1(E). If a party fails to file a memorandum in opposition to a motion, the court may grant the motion by default. *See* N.D. Fla. Loc. R. 7.1(H).

Thirty-five days have passed since Plaintiff served Defendant with a copy of the complaint and motion. Defendant has not responded to either. The

Case No.: 3:20cv6017//MCR/EMT

undersigned thus recommends that Plaintiff's motion for a preliminary injunction be granted.

Accordingly, it is respectfully **RECOMMENDED**:

1. That Plaintiff's motion for a preliminary injunction be **GRANTED** pursuant to N.D. Fla. Loc. R. 7.1(H).

2. That Plaintiff be required to file a proposed order within fourteen days of entry of an order adopting this Report and Recommendation that is consistent with and incorporates the relief requested in the motion.

At Pensacola, Florida, this 31st day of August 2021.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation.  **Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control**.  An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.  *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**

Case No.:   3:20cv6017//MCR/EMT